O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ROSE WHITE,<br><br>                    Plaintiff,<br><br>      vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. CV 09-05814 RZ<br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff Carla Rose White seeks reversal of the Social Security Commissioner's decision denying her application for disability benefits. Because the Administrative Law Judge did not take into account all of Plaintiff's impairments in fashioning a residual functional capacity, the Court finds for Plaintiff and remands the matter for further proceedings.

        The Administrative Law Judge found that Plaintiff had a variety of impairments, one of which was a pain disorder associated with psychological factors and general medical condition. [AR 16] This finding had substantial support in the record, as Plaintiff received a great deal of psychotherapy, both before and after her date-last-insured, and the therapist often identified this diagnosis. [AR 517-31] At times, the therapist also included a separate diagnosis of depression, not otherwise specified [*e.g.* AR 521] and, although sometimes these diagnoses appeared after the date-last-insured [*e.g.* AR 576], the

rule in this circuit, as in most circuits, is that "reports containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975). Although not articulating this rule, Plaintiff also challenges, in this Court, the Administrative Law Judge's failure to discuss these later evaluations, and his conclusion, *see* AR 16, that Plaintiff's depression did not qualify as a severe impairment at Step 2 of the sequential evaluation.

The question of severity *vel non* is close in this case. Severity is a *de minimis* requirement, serving to screen out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). The Administrative Law Judge noted that Plaintiff's psychotherapist, in a medical report dated March 25, 2008, said that Plaintiff was asymptomatic insofar as depression was concerned. [AR 16, referring to AR 514 ] By this he presumably meant insofar as an actual diagnosis of depression, not otherwise specified, was concerned, because in the same document the therapist diagnosed Plaintiff as having a pain syndrome with associated depressed symptoms. [AR 514] Whether the depressed symptoms were secondary to the pain, or at some point assumed primacy themselves sufficient to qualify for a separate diagnosis, is a pretty thin hair to split on the severity prong of Step 2 of the sequential evaluation. The therapist did *not* affirmatively state that Plaintiff was "cured" or was likely to continue to be free from depression, as she was on that one occasion.

The Court need not resolve this argument, however, because whether depression was associated with the pain, or stood on its own footing, it clearly formed a part of Plaintiff's impairments, even by the determination of the Administrative Law Judge who, as noted, found that Plaintiff had an impairment of a pain disorder with associated psychological symptoms and general medical condition. And, when determining an applicant's residual functional capacity, an administrative law judge is obligated to take into account all of an applicant's impairments, both severe and non-severe, and the limitations they impose. *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003), *citing* 20 C.F.R. §§ 404.1545(e) and 416.945(e). This meant that, when fashioning a residual

functional capacity, the Administrative Law Judge had to consider Plaintiff's depression, anxiety and other psychological factors, either as a separately identified impairment, or as part of her pain syndrome.

It is a bit difficult to determine the residual functional capacity that the Administrative Law Judge *did* find. At one point, his decision provides that "the claimant had the residual functional capacity to perform a range of light work as specified herein." [AR 19] Then, after describing various medical evidence, a hypothetical question posed to the vocational expert, and the expert's answer, the Administrative Law Judge stated that "[t]he claimant is able to perform a range of light work as specified in the hypothetical question posed to the vocational expert and discussed above." [AR 20] This statement is a bit ambiguous, and a rather abstruse and unconventional way of making a finding, but the Court assumes that the Administrative Law Judge found that Plaintiff had the residual functional capacity as specified in the hypothetical question he asked the vocational expert, a question he characterized in his decision as follows:

> The expert was asked to assume an individual was the claimant's age and had the claimant's education and work history. The individual could lift or carry no more than 5 pounds with the right upper extremity, but had no limitations on lifting or carrying with the left upper extremity. The individual had no limitations in the ability to sit, stand, or walk. The individual could not perform power gripping with the right hand and twisting with the right elbow. The individual was precluded from crawling, climbing ropes or ladders, and working at unprotected heights or operation of hazardous machinery.

[AR 20]

Missing from this capacity is any mention of anything psychological. Yet the diagnosis for the very impairment that the Administrative Law Judge found makes psychological factors important:

> **307.89 Pain Disorder Associated With Both Psychological Factors and a General Medical Condition:** both psychological factors and a general medical condition are judged to have important roles in the onset, severity, exacerbation, or maintenance of the pain

AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th ed. 1994 (DSM-IV) at 458. The administrative record contains numerous references to Plaintiff's anxiety and depression, and treating source assessments indicating various limitations as a result of Plaintiff's mental difficulties. Sometimes these limitations are described as marked, as in the ability to withstand the stress and pressures associated with an eight-hour workday and day-to-day work [AR 512], and sometimes they are more restrictive [AR 507-09].

This failure to include any mental limitations in the residual functional capacity was error, and the error then compounded because the residual functional capacity formed the basis for the hypothetical question to the vocational expert. The response is only as good as the question, *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001), and therefore substantial evidence does not support the determination that there were sufficient jobs in the economy which Plaintiff was qualified to perform.

In accordance with the foregoing, the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this memorandum opinion. On remand, the Commissioner may wish to reconsider the severity determination as to Plaintiff's depression. Because of this Court's determination of the issues, the Court need not evaluate Plaintiff's other arguments, including other perceived problems with the

residual functional capacity, the assessment of the treating doctors' opinions, and the evaluation of the statements of Plaintiff and others. The Commissioner, of course, is free to revisit those matters as well.

        IT IS SO ORDERED.

        DATED:   April 5, 2010

                                                        RALPH ZAREFSKY  
                               UNITED STATES MAGISTRATE JUDGE